```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

EVA V. REED,                          :
                                      :
     Plaintiff,                       :
                                      :
vs.                                   :  CIVIL ACTION NO. 16-00057-KD-B
                                      :
WALMART STORES, INC.,                 :
                                      :
     Defendant.                       :

**REPORT AND RECOMMENDATION**

This action is before the Court on Defendant's Motion to Dismiss for Failure to Prosecute (Doc. 35). This motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c). Based upon a careful review of Defendant's motion and the case file, the undersigned RECOMMENDS that Defendant's motion be GRANTED and that Plaintiff's complaint be dismissed without prejudice.

**I.   Background**

On November 17, 2015, Plaintiff filed suit in the Circuit Court of Mobile County, Alabama, alleging negligence and wantonness against Defendant Walmart Stores, Inc. (hereinafter "Walmart") arising out of a slip and fall accident that occurred on September 17, 2014. (Doc. 1-1). On February 5, 2016, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441 and 1446, alleging diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1).

On October 18, 2016, Plaintiff's counsel filed a motion to withdraw, citing his inability to continue zealously representing Plaintiff pursuant to the *Alabama Rules of Professional Conduct*. (Doc. 28). In an order dated October 21, 2016 (Doc. 30), the Court granted Plaintiff's counsel's motion to withdraw and gave Plaintiff leave until November 3, 2016, to: (1) retain new counsel and have her new counsel file a written notice of appearance with this Court, or (2) advise the Court, in the form of a written pleading pursuant to Local Rule 5.1, of her intent to proceed *pro se* no later than November 3, 2016. (Id.). The Court cautioned Plaintiff that failure to comply with the Order would result in a recommendation that her claims be dismissed for failure to prosecute. (Id. at 2).

Despite the Court's order, no attorney filed a written notice of appearance on behalf of Plaintiff, nor did Plaintiff advise the Court, in writing or otherwise, of her desire to continue with this action without the aid of counsel. Consequently, on November 10, 2016, the Court issued a show cause Order requiring Plaintiff to show cause by November 28, 2016, why the action should not be dismissed for failure to prosecute and failure to obey an Order of this Court. (Doc. 36). Plaintiff was advised that failure to file a written response to the Order by the given date would be considered by the Court an abandonment of the prosecution of this action by Plaintiff and would result in a recommendation that this case be

dismissed for failure to prosecute and failure to comply with the Court's directives, without further notice.

**II. Analysis**

A review of the docket reflects that, despite the Court's Orders on October 21, 2016, and November 10, 2016, directing Plaintiff to notify the Court in writing whether she intends to proceed with this litigation, no attorney has filed a written notice of appearance on behalf of Plaintiff, nor has Plaintiff advised the Court, in writing or otherwise, of her desire to continue "*pro se.*"  Indeed, Plaintiff has filed no response whatsoever to the Court's orders, despite clear directives from the Court to do so and warnings of the consequences of failure to do so.  The Court further notes that Plaintiff's copies of the Orders have not been returned to the Court as undeliverable.

"District courts possess inherent power to sanction errant litigants before them."  Hudson v. Cardwell Corp., 2006 U.S. Dist. LEXIS 55306, *3, 2006 WL 2135791, *1 (S.D. Ala. July 27, 2006).  While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a pro se litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802 (11th Cir. 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order, where

3

litigant was forewarned that failure to comply with the court's order could result in dismissal.). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a[n] . . . entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.

Due to Plaintiff's repeated failure to comply with this Court's Orders (Docs. 30, 36) and failure to prosecute this action, and upon consideration of the alternatives that are available to this Court, the Court finds that no other lesser sanction than dismissal without prejudice will suffice.

**III. Conclusion**

Based on the foregoing, it is recommended that this action be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within

4

fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **29th** day of **November, 2016.**

                                                   /s/ SONJA F. BIVINS
                                              **UNITED STATES MAGISTRATE JUDGE**